U.S. District Court, District of Rhode Island

FEDERAL BUILDING AND COURTHOUSE

Plaintiff:
Devon Letourneau

CA 12 - 331 L

v.

C.A. # NO.

Defendants:
Providence Police
Detective Angelo
Avant,
Providence Police
Sergeant William
Dwyer,
R.I. Attorney
General Peter F.
Kilmartin,
Special Assistant
Attorney General
Roger Demers,
Providence County
Superior Court
Judge Robert D.
Krause,
Criminal defense
Attorney Gerard
H. Donley

Complaint

FILED

MAY 03 2012

U.S. DISTRICT COURT
DISTRICT OF R.I.

(1)

## I. Jurisdiction & Venue

1.) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state Law, of rights secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff Letourneau seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Letourneau's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.) The U.S. District Court, District of Rhode Island is an appropriate venue under 28 U.S.C. because it is where the events giving rise to this claim occured.

## II. Plaintiff

3.) Plaintiff Devon Letourneau, is and was at all times mentioned herein a prisoner of the State of Rhode Island in the custody of the Rhode Island Department of Corrections. He is currently confined in Rhode Island State Prison, in Cranston, Rhode Island.

## III. Defendants

4.) Defendant <u>Angelo Avant</u>, is a Providence Police Detective, responsible for the investigation of major crime.

5.) Defendant <u>William Dwyer</u>, is a Providence Police Sergeant, responsible for the investigation of major crime.

6.) Defendant <u>Peter F. Kilmartin</u>, is Rhode Island's Attorney General, responsible for advising all government officials of the state on legal matters and representing it in litigation.

7.) Defendant <u>Roger Demers</u>, is a special assistant Attorney General, responsible for prosecuting criminal cases in a court of law. He is of the state of Rhode Island.

8.) Defendant <u>Robert D. Krause</u>, is a Providence County Superior Court Judge, responsible for deciding legal matters in court.

9.) Defendant <u>Gerard H. Donley</u>, is a criminal defense attorney of the state of Rhode Island, responsible to represent criminal defendants.

(3)

## IV. Facts

10.) At all times relevant to this case, Plaintiff Devon Letourneau has been confined in Rhode Island Department of Corrections.

11.) According to Defendant Angelo Avant's 5 page Police Narrative Report in which did not bear his marks nor the marks of the special assistant attorney general designated by the Attorney General:

12.) Defendant Angelo Avant states in his Police Narrative Report on page 2 of 5 that on May 24th, 2010 he and his partner Sergeant William Dwyer proceeded to Americar Sales and Collisions after learning that the Vehicle suspected to had been involved in a homicide drive by shooting on May 7th, 2010 was in possession of it's rightful owner Dino Coccia of Americar Sales and Collisons of Pawtucket, R.I., who is in the business of loaning, selling, and repairing motor vehicles.

13.) Defendant Angelo Avant also states that the vehicle in which was suspected to be involved in a homicide drive by shooting was loaned by Dino Coccia, made out in the names

(4)

of the Plaintiff Devon Letourneau and Christina Bartley.

14.) Defendant Angelo Avant also states that photocopies of the loaner agreement vehicle form was turned over to himself and partner William Dwyer by the owner of Americar Sales and Collisions, Dino Coccia.

15.) Defendant Angelo Avant asserts in his report also on page 2 of 5 that the loaner agreement vehicle form shows that the suspected vehicle was rented on May 1st, 2010. However, the Plaintiff Devon Letourneau possesses an official copy of the loaner agreement vehicle form in which was provided by Roger Demers who also will be mentioned in this section of facts. The vehicle was rented on MAY 19th, 2010.

16.) Thus defendant Angelo Avant submitted with Peter F. Kilmartin and Roger Demers false documents in which Roger Demers entered into the Plaintiff's discovery and inspection package.

17.) According to Defendant Angelo Avant's Police Narrative Report,

(5)

defendant William Dwyer was also present with his partner defendant Angelo Avant at Americar Sales and collisons in Pawtucket, R.I. Defendant William Dwyer recieved along with defendant Angelo Avant photo copies of the loaner agreement vehicle form in which was said to have been rented on May 1st, 2010. Defendant William Dwyer conspired to commit fraud being that he did not stop or attempt to stop defendant Angelo Avant from drafting and submitting false documents to the Attorney General's office. (See loaner agreement form) – (Hot Document).

18.) On 2-14-2011, defendant Peter F. Kilmartin authorized an indictment charging Plaintiff Devon Letourneau with 1 count of first Degree Murder, 1 count of discharging a firearm while committing a crime of violence death resulting, and 1 count of carrying a pistol without a License to carry.

19.) As the overviewer of productions, defendant Peter F. Kilmartin should have known of the fraudulent, falsified documents used in a major crime case when regarding another's life, and liberty, particularly Plaintiff Devon Letourneau's.

(6)

20.) Defendant Peter F. Kilmartin should not have allowed his assistant, Roger Demers to prosecute a case which stemmed from defendant Angelo Avant and defendant William Dwyer's deceptive acts of fraud.

21.) Defendant Roger Demers, on 2-14-2011 filed with the Providence County Superior Court an insufficient indictment being that all predicates were fraudulent and perjured.

22.) Defendant Roger Demers indeed knew of the loaner agreement vehicle form which shows that the vehicle suspected to be involved in a homicide that occured on May 7th, 2010 was not yet rented to Christina Bartley untill May 19th, 2010 5:30pm.

23.) Defendant Roger Demers also knew that Christina Bartley was interviewed at the Providence Police Station by defendant Angelo Avant in regards to the homicide in question. Defendant Roger Demers also knew of the statement made by Christina Bartley in which she stated she had no knowledge of any homicide. Defendant Roger

(7)

Demers also knew that two months after Christina Bartley's interview she was arrested on two counts of 1st Degree Robbery and that she now knew about the homicide in question, according to defendant Angelo Avant.

24.) Defendant Roger Demers knew that the suspected vehicle was not rented untill May 19th, 2010 5:30pm. but still allowed Christina Bartley to testify to operating the said vehicle on May 7th, 2010 and that Plaintiff Devon Letourneau was allegedly responsible for a shooting death while being driven by Christina Bartley who was not at any time charged in that matter.

25.) Defendant Roger Demers learned from Christina Bartley that she threw the allege murder weapon in a sewer nearby her home. A sewer search was then conducted and the allege murder was not recovered. Christina Bartley along with other eye witnesses testify to the murder weapon being a hand gun 6 to 8 inches. However, during the sewer search an unoperatable rifle was retrieved in which is far the opposite in description given by ~~the~~ all witnesses.

(8)

26.) This weapon retrieved in the sewer search was not entered in as evidance in the state's answer to the Plaintiff Devon Letourneau's motion for discovery and inspection. Defendant Roger Demers indeed did not disclose this exculpatory evidance. This is a deliberate tactic used by defendant Roger Demers to secure an illegal conviction. (see Exhibit) –

27.) All in between 2-14-11 through to 2-29-12, Defendant Robert D. Krause as a judge who vows to be unbiased is responsible during pre-trial procedures for deciding matters of fact or probative value, learning each parties intent for litigation, and concluding whether the prosecution has enough evidance to stand in a trial. A judge may dismiss a case where there is little to no evidence. In a jury trial all issues of fact are soley handled by the jury. The judge acts as an administrator toward the jury and has no power to decide facts nor disrupt the fact finding process when failing to grant a jury request to examine state evidance pertaining to the case being tried.

28.) Defendant Robert D. Krause

(9)

knew of the fraudulent predicates induced by Defendants Peter F. Kilmartin and Roger Demers. Thus, allowed defendants Peter F. Kilmartin and Roger Demers to proceed in their prejudicial production.

29.) Defendant Gerard H. Donley either overlooked and or made no objections to defendant Roger Demers's suppression and nondisclosure of evidence favorable to the Plaintiff Devon Letourneau. (See transcribed records)

30.) Defendant Gerard H. Donley knew of the material evidence that should have presented at Plaintiff Devon Letourneau's state trial.

31.) Defendant Gerard H. Donley was responsible for giving Plaintiff Devon Letourneau adequate legal representation.

32.) Plaintiff Devon Letourneau undoubtably believes that had the withheld evidence, suppressed and nondisclosed been presented at trial a jury of reasonable minds could have read between the lines of deception and acquit Plaintiff Devon Letourneau of all charges.

(10)

## V. LEGAL CLAIMS

33.) Plaintiff's reallege and incorporate by reference paragraphs 1-32.

34.) Defendant Angelo Avant as a Police detective is vowed to maintain order and enforce the law as he holds a position of authority and trust, thus obligated to seek justice when engaging in all matters relevant to the criminal justice system.

35.) Defendant Angelo Avant, when investigating the major crime that Plaintiff Devon Letourneau was an allege suspect in, violated Plaintiff Devon Letourneau's 8th Amendment right to cruel or unusuall punishment, and 14th Amendment right to life, liberty and security of person; and equal protection of the law as a person before the law.

36.) Defendant William Dwyer as a Police Sergeant is vowed to maintain order and enforce the law as he holds a position of authority and trust, thus obligated to seek justice when engaging in all matters relevant to the criminal justice system.

(11)

37.) Defendant William Dwyer, when investigating the major crime that Plaintiff Devon Letourneau was an allege suspect in, violated Plaintiff Devon Letourneau's 8th Amendment right to cruel or unusuall punishment, and 14th Amendment right to life, liberty and security of Person; and equal protection of the law as a person before the law.

38.) Defendant Peter F. Kilmartin, as Rhode Island's Attorney General is responsible for advising the government on legal matters and representing it in litigation.

39.) Defendant Peter F. Kilmartin violated Plaintiff Devon Letourneau's 6th Amendment right to a fair trial, 8th Amendment right to cruel or unusual punishment, and 14th Amendment right to life, liberty and security of person; and equal protection of the law as a person before the law.

40.) Defendant Roger Demers, as special assistant attorney general (prosecutor) is responsible for representing

(12)

the state government in criminal proceedings. He is obligated to prosecute by means of fair and proper administration of laws.

41.) Defendant Roger Demers violated Plaintiff Devon Letourneau's 6th Amendment right to a fair trial, 8th Amendment right to cruel or unusual punishment, and 14th Amendment right to life, liberty and security of person; and equal protection of the law as a person before the law.

42.) Defendant Robert D. Krause, as a Superior Court Judge is responsible in all legal matters to remain impartial and unbiased, favoring no party as court rule and regulation administrator obligated to rule justly.

43.) It is evident that defendant Robert D. Krause being cheif examiner either overlooked material evidance, misapplied law, or disregarded Plaintiff Devon Letourneau's rights before the law.

44.) Defendant Robert D. Krause violated Plaintiff Devon Letourneau's 6th Amendment right to a fair trial, 8th Amendm-

(13)

ent right to cruel or unusual punishment, and 14th Amendment right to life, liberty and security of person; and equal protection of the law as a person before the law.

45.) Defendant Gerard H. Donley, as a criminal defense attorney is obligated to adequate representation when engaging in criminal defense action before the court wherein the case shall be tried.

46.) It is evident that Defendant Gerard H. Donley overlooked and disregarded exculpatory evidence favorable to Plaintiff Devon Letourneau.

47.) Defendant Gerard H. Donley violated Plaintiff Devon Letourneau's 6th Amendment right to a fair trial, 8th Amendment right to cruel or unusual punishment, and 14th Amendment right to life, liberty and security of person; and equal protection of the law as a person before the law.

## VI. Prayer of relief

48.) Whereof, Plaintiff respectfully prays that this court enters judgement:

(14)

49.) Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States and,

50.) A preliminary and permanent injunction ordering defendants Angelo Avant, William Dwyer, Peter F. Kilmartin, Roger Demers, Robert D. Krause, and Gerard H. Donley to cease their corruption toward Plaintiff, and

51.) Granting Plaintiff Compensatory Damages in the amount of $50,000 against each defendant jointly and severally, and

52.) Granting Plaintiff Punitive Damages in the amount of $50,000 against each defendant jointly and severally.

53.) Plaintiff also seeks a jury trial on all issues triable by jury.

54.) Plaintiff also seeks recovery of cost in this suit, and any additional relief this court deems just, proper, and equitable.

(15)

Date: 4/4/12

Respectfully Submitted,
Devon Letourneau
# 140071
Rhode Island State Prison,
P.O Box # 8249
Cranston, RI

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to those matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Plaintiff's signature: Devon Letourneau